UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1-16:-cv-21959-KMW

JOHN A. WENZEL and
NADINE WENZEL, his wife,

     Plaintiffs,

v.

HCA HEALTH SERVICES OF
FLORIDA, INC. d/b/a ST. LUCIE
MEDICAL CENTER,

     Defendant.

_____/

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs John A. Wenzel and Nadine Wenzel sue Defendant HCA Health Services of Florida, Inc. d/b/a St. Lucie Medical Center and allege:

### INTRODUCTION

1. Plaintiff John A. Wenzel is the alleged victim of medical malpractice and is now a high level paraplegic. He has been cared for by the United States Department of Veterans Affairs (the "VA") at the Miami VA Health Administration in Miami, Florida since September 2015. Plaintiff Nadine Wenzel is Mr. Wenzel's wife. Plaintiffs have agreed with the VA to assert a claim on behalf of the VA for the costs of medical treatment rendered to Mr. Wenzel at the VA. (*See* Exhibit 1).

2. Defendant is HCA Health Services of Florida, Inc. d/b/a St. Lucie Medical Center ("HCA") owns and operates the hospital where Mr. Wenzel was allegedly negligently treated.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

3.     Defendant HCA offered on May 27, 2016 to arbitrate the Wenzels' damages and, so, liability is not at issue.  Pursuant to a Florida statute, the Plaintiffs have 30 days from that date to accept or reject that offer.

4.     As explained in detail below, the parties dispute what damages will be recoverable in a medical malpractice arbitration or court case and specifically, whether federal law prohibits VA benefits from being applied as an offset against whatever economic damages Plaintiffs are awarded.

5.     Plaintiffs have brought this action because they are in doubt as to their legal rights and obligations under federal law.  In short, whether Plaintiffs proceed to litigate or arbitrate the claim, they require clarification on the federal law that applies and whether that law preempts or prohibits Defendant HCA's interpretation of the relevant Florida statutes.

## JURISDICTION AND VENUE

6.     This is an action for declaratory judgment brought pursuant to Chapter 28, U.S.C. § 2201 and Federal Rule of Civil Procedure 57.  The court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 2201 (Declaratory Judgment Act).  As alleged below, an actual case or controversy concerning federal law and the Plaintiffs' rights under the United States Constitution has arisen between the parties, which threatens injury to Plaintiffs by depriving them of the damages to which they are entitled.  Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims that form part of the same case or controversy.

7.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Florida, where a substantial part of the events giving rise to the claim for declaratory relief occurred.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

8.     This Court has personal jurisdiction over Defendant HCA because it conducts business in this District.

## FACTS GIVING RISE TO COMPLAINT

### A.  Mr. Wenzel's Injuries and Damages.

9.     On May 12, 2015, Mr. Wenzel went to the hospital owned and operated by Defendant HCA for hip surgery.  As a result of the alleged negligent care he received there, Mr. Wenzel suffered debilitating and permanent physical injuries and is now a high-level paraplegic.

10.     Mr. Wenzel is a veteran entitled to benefits and, as of September 24, 2015, has been cared for at the VA hospital in Miami, Florida.

11.     Since that time, the Miami VA has provided Mr. Wenzel with necessary care.  In fact, as of May 12, 2016, the VA represented that it had expended $2,518,592.26 on Mr. Wenzel.

12.     Although Mr. Wenzel requires constant assistance, he could leave the Miami VA and be cared for in a home setting equipped with the appropriate medical equipment.  In fact, this is Mr. Wenzel's preference.  Accordingly, Plaintiffs seek to recover from Defendant HCA economic damages sufficient to allow Mr. Wenzel to receive private medical care in the appropriate home setting.

### B.  The Medical Malpractice Presuit Period and HCA's Offer to Arbitrate.

13.     Section 766.106, Florida Statutes, provides for a "presuit" screening process as a prerequisite to filing a civil suit for medical malpractice.  That law provides that prior to initiating a claim for medical malpractice, a plaintiff must conduct an investigation and then give notice to each prospective defendant of his or her intent to initiate a lawsuit.

14.     Pursuant to Section 766.106, Florida Statutes, Mr. Wenzel initiated this presuit process on October 13, 2015, by serving the prospective defendants with notice.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

15.   Section 766.106 further provides that once the prospective defendants have received notice, they then have 90 days to consider and investigate the claim, after which time they must either reject the claim, offer to settle it, or offer to arbitrate the plaintiff's damages.

16.   If the defendant offers to arbitrate, the plaintiff may either accept or reject this offer.  If the plaintiff accepts the offer, arbitration proceeds pursuant to section 766.207, Florida Statutes.  If the plaintiff rejects the offer to arbitrate, then section 766.209(4) governs.  Under that provision, the plaintiff may initiate a civil lawsuit, but his or her damages in that lawsuit will be limited in certain respects as set forth in that section.

17.   In this case, the presuit period expired on May 27, 2016.   On that date, Defendant HCA offered to arbitrate the claim.  Plaintiffs have 30 days from that date to accept or reject that offer, making their response due on June 26, 2016.

18.   Whether in arbitration or a civil suit, the VA has elected to authorize Plaintiffs to assert a claim on the VA's behalf for the reasonable value of the VA's past and future costs for treatment of Mr. Wenzel.  Plaintiffs have executed an agreement with the VA agreeing to do so, attached as Exhibit 1.

**C.   The Parties Dispute Whether Federal Law Preempts and Prohibits an Offset for VA Benefits from Plaintiffs' Damages.**

19.   Defendant HCA contends that, having offered to arbitrate, whatever economic damages the Plaintiffs are awarded must be offset by the value of payments the VA has already made and may pay in the future for Mr. Wenzel's care.  For this assertion, Defendant HCA relies on two sections of the Florida Statutes: (1) section 766.207, which would apply in arbitration should the Plaintiffs agree to arbitrate, and (2) section 766.209, which would apply in a circuit court case should the Plaintiffs reject arbitration.   Both of these provisions contain the same "offset" language providing that "past and future medical expenses" shall be awardable "offset

4

by any collateral source payments," and that "[d]amages for future economic losses . . . shall be offset by future collateral source payments." Fla. Stat. §§ 766.209(4)(b), (c); 766.207(7)(a), (c).

20.    But, and as Plaintiffs have pointed out to Defendant HCA, "Collateral sources," for purposes of section 766.207 and 766.209 is defined to exclude payments that are "prohibited" from being offset from damages under federal law.

21.    Specifically, Section 766.202 defines "collateral sources" as follows:

(2)   "Collateral sources" means any payments made to the claimant, or made on his or her behalf, by or pursuant to:

    (a)   The United States Social Security Act; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, **except as prohibited by federal law**.

(emphasis added).

22.    The VA benefits that Mr. Wenzel may receive cannot be deemed a "collateral source" under this definition because federal law prohibits such treatment.

23.    Indeed, under federal law, the federal government has a right to recover medical expenses incurred for the medical care of an injured veteran. *See* 10 U.S.C. § 1095; 42 U.S.C. § 2651; 38 U.S.C. § 1729.  The purpose of this law is to ensure that the cost of treating injured persons, like Mr. Wenzel, to whom the United States makes care available, is borne by those legally responsible for the injury, not the taxpayer.

24.    Thus, federal law entitling the VA to be reimbursed for its expenses preempts the Florida Statutes excusing the tortfeasor from payment via an offset.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

## D.  **The Impact of the Offset to Which HCA Contends it is Entitled.**

25.    Plaintiffs will seek to recover from Defendant HCA the cost of Mr. Wenzel's past and future medical expenses on behalf of themselves and on behalf of the VA, pursuant to their agreement.

26.    But, because Mr. Wenzel's care since September 24, 2015 has been paid for entirely by the VA and Mr. Wenzel is entitled to unlimited VA benefits going forward, HCA will seek an offset for the entirety of the costs associated with Mr. Wenzel's past and future medical care.

27.    If VA benefits are offset from whatever economic damages Plaintiffs are awarded, as Defendant HCA insists, Defendant HCA will escape responsibility for the damages it caused and leave Mr. Wenzel without the funds to repay either the VA or to pay for private medical care of his choosing in the future.

28.    Without any compensation for future damages, Mr. Wenzel will be relegated to the VA for the remainder of his life, and will never be able to return home and purchase the healthcare of his choosing.

29.    Further, because of the claimed offset, the VA will not receive the reimbursement to which it is entitled and will instead bear the entirety of the economic burden for Defendant HCA's alleged negligence.  Thus, the United States taxpayer will ultimately be responsible for Mr. Wenzel's care.

30.    This is the not the scheme provided for by federal law and it is also unconstitutional, as alleged below.  The offset deprives Mr. Wenzel of the full extent of his economic damages which would otherwise be recoverable in a civil suit.  The offset also arbitrarily discriminates against Mr. Wenzel.

6

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

31.     Notwithstanding all of this, Defendant HCA disputes that federal law prohibits an offset for VA benefits and claims that it is entitled to one in this case.

## COUNT I

## CLAIM FOR DECLARATORY JUDGMENT THAT FEDERAL LAW PREEMPTS AND PRHOBITS VETERANS ADMINISTRATION BENEFITS TO BE OFFSET FROM PLAINTIFFS' ECONOMIC DAMAGES

32.     Plaintiffs incorporate and reallege the allegations above.

33.     There is an actual controversy between Plaintiffs and Defendant regarding the application of federal law and Plaintiffs are in doubt as to their ability to recover the full extent of their damages, including those damages claimed on behalf of the VA and those damages to cover the cost of future care.  Federal law entitles the VA to recovery of benefits where a third party tortfeasor is liable.  *See* 10 U.S.C. § 1095; 42 U.S.C. § 2651; 38 U.S.C. § 1729. Accordingly, VA benefits cannot be a collateral source under sections 766.207 and 766.209 in this case, because, under section 766.202, such an application would be "prohibited by federal law."

34.     Defendant HCA disagrees and asserts that it is entitled to an offset against the awardable damages for the cost of the medical care provided by the VA and that may be provided by the VA in the future.

35.     Because of this actual, present, and justiciable controversy, Plaintiffs stand to be deprived of the damages to which Plaintiffs are entitled.  Additionally, because of Plaintiffs' uncertainty with respect to their rights, Plaintiffs cannot make any intelligent determination as to how to proceed with their claim, regardless of whether this case is arbitrated or litigated in civil state court litigation.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

36.     Accordingly, Plaintiffs request that this court declare federal law preempts and prohibits VA benefits from being offset from Plaintiffs' economic damages as a collateral source payment.

## COUNT II

### CLAIM FOR DECLARATORY JUDGMENT THAT SECTIONS 766.207(7)(a), (c) AND 766.209(4)(b), (c), FLORIDA STATUTES, VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITTION

37.     Plaintiffs incorporate and reallege the allegations above.

38.     Sections 766.207(7)(a) and (c) and 766.209(4)(b) and (c), Florida Statutes, provide that once a medical malpractice defendant has offered to arbitrate, the plaintiffs' economic damages shall be "offset" by "collateral source payments." (the "Offset Provisions").

39.     For Mr. Wenzel, who is entitled to VA benefits, these Offset Provisions mean that, whether Mr. Wenzel arbitrates or files a civil lawsuit, the Defendant HCA will be entitled to an offset for the total payments the VA has made and will make on Mr. Wenzel's behalf in the future.  This will leave Mr. Wenzel without the ability to recover costs for the VA or to recover compensation for future economic losses, relegating him to care at the VA for the remainder of his life.

40.     In this manner, the Offset Provisions deprive Plaintiffs of equal protection under the law, in violation of Amendment XIV, Section 1 of the United States Constitution.

41.     Accordingly, Plaintiffs request that this court declare that the Offset Provisions are unconstitutional and that Mr. Wenzel's VA benefits cannot be offset from Plaintiffs' economic damages as a collateral source payment.

## COUNT III

### CLAIM FOR DECLARATORY JUDGMENT THAT SECTIONS 766.207(7)(a), (c) AND 766.209(4)(b), (c), FLORIDA STATUTES, VIOLATE THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITTION

42. Plaintiffs incorporate and reallege the allegations above.

43. Sections 766.207(7)(a) and (c) and 766.209(4)(b) and (c), Florida Statutes, provide that once a medical malpractice defendant has offered to arbitrate, the plaintiffs' economic damages shall be "offset" by "collateral source payments." (the "Offset Provisions").

44. For Mr. Wenzel, who is entitled to VA benefits, these Offset Provisions mean that, whether Mr. Wenzel arbitrates or files a civil lawsuit, the Defendant HCA will be entitled to an offset for the total payments that the VA has made and will make on Mr. Wenzel's behalf in the future. This will leave Mr. Wenzel without the ability to recover costs for the VA or to recover compensation for future economic losses, relegating him to care at the VA for the remainder of his life.

45. In this manner, the Offset Provisions deprive Plaintiffs of due process of law in violation of Amendment XIV, Section 1 of the United States Constitution.

46. Accordingly, Plaintiffs request that this court declare that the Offset Provisions are unconstitutional and that Mr. Wenzel's VA benefits cannot be offset from Plaintiffs' economic damages as a collateral source payment.

## COUNT IV

### CLAIM FOR DECLARATORY JUDGMENT THAT SECTIONS 766.207(7)(a), (c) AND 766.209(4)(b), (c), FLORIDA STATUTES, VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FLORIDA CONSTITTION

47. Plaintiffs incorporate and reallege the allegations above.

9

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

48.     Sections 766.207(7)(a) and (c) and 766.209(4)(b) and (c), Florida Statutes, provide that once a medical malpractice defendant has offered to arbitrate, the plaintiffs' economic damages shall be "offset" by "collateral source payments." (the "Offset Provisions").

49.     For Mr. Wenzel, who is entitled to VA benefits, these Offset Provisions mean that whether Mr. Wenzel proceeds to arbitration or to file a civil lawsuit, the Defendant HCA will be entitled to an offset for the total payments that the VA has made and will make on Mr. Wenzel's behalf in the future.  This will leave Mr. Wenzel without any compensation for future economic losses, relegating him to care at the VA for the remainder of his life.

50.     In this manner, the Future Offset Provisions violate Article I, Section 2 of the Florida Constitution, guaranteeing that all similarly situated persons be treated alike.  Under the Offset Provisions, Plaintiffs are not treated like other medical malpractice claimants.

51.     Accordingly, Plaintiffs request that this court declare that the Offset Provisions are unconstitutional and that Mr. Wenzel's VA benefits cannot be offset from Plaintiffs' economic damages as a collateral source payment.

## COUNT V

### CLAIM FOR DECLARATORY JUDGMENT THAT SECTIONS 766.207(7)(a), (c) AND 766.209(4)(b), (c), FLORIDA STATUTES, VIOLATE THE DUE PROCESS CLAUSE OF THE FLORIDA CONSTITTION

52.     Plaintiffs incorporate and reallege the allegations above.

53.     Sections 766.207(7)(a) and (c) and 766.209(4)(b) and (c), Florida Statutes, provide that once a medical malpractice defendant has offered to arbitrate, the plaintiffs' economic damages shall be "offset" by "collateral source payments." (the "Offset Provisions").

54.     For Mr. Wenzel, who is entitled to VA benefits, these Offset Provisions mean that whether Mr. Wenzel proceeds to arbitration or to file a civil lawsuit, the Defendant HCA will be

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

entitled to an offset for the total payments that the VA has made and will make on Mr. Wenzel's behalf in the future.  This will leave Mr. Wenzel without any compensation for future economic losses, relegating him to care at the VA for the remainder of his life.

55.   In this manner, the Offset Provisions deprive Plaintiffs of due process of law in violation of Article I, Section 9 of the Florida Constitution.

56.   Accordingly, Plaintiffs request that this court declare that the Offset Provisions are unconstitutional and that Mr. Wenzel's VA benefits cannot be offset from Plaintiffs' economic damages as a collateral source payment.

## COUNT VI

### CLAIM FOR DECLARATORY JUDGMENT THAT SECTIONS 766.207(7)(a), (c) AND 766.209(4)(b), (c), FLORIDA STATUTES, VIOLATE THE ACCESS TO THE COURTS CLAUSE OF THE FLORIDA CONSTITUION

57.   Plaintiffs incorporate and reallege the allegations above.

58.   Sections 766.207(7)(a) and (c) and 766.209(4)(b) and (c), Florida Statutes, provide that once a medical malpractice defendant has offered to arbitrate, the plaintiffs' economic damages shall be "offset" by "collateral source payments." (the "Offset Provisions").

59.   For Mr. Wenzel, who is entitled to VA benefits, these Offset Provisions mean that whether Mr. Wenzel proceeds to arbitration or to file a civil lawsuit, the Defendant HCA will be entitled to an offset for the total payments that the VA has made and will make on Mr. Wenzel's behalf in the future.  This will leave Mr. Wenzel without any compensation for future economic losses, relegating him to care at the VA for the remainder of his life.

60.   In this manner, the Future Offset Provisions violate Article I, Section 21 of the Florida Constitution, establishing the fundamental right of access to courts.  Specifically, Plaintiffs' right to redress of injury has been unreasonably burdened and restricted.

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

61.   Accordingly, Plaintiffs request that this court declare that the Offset Provisions are unconstitutional and that Mr. Wenzel's VA benefits cannot be offset from Plaintiffs' economic damages as a collateral source payment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that a judgment be entered declaring that,

(1)   VA benefits may not be offset from the economic damages awarded to Plaintiffs as a collateral source payment because such an offset would be preempted and prohibited by federal law;

(2)   The Offset Provisions, set forth in Sections 766.207(7)(a), (c) and 766.209(4)(b), (c), Florida Statutes, are unconstitutional as applied to Plaintiffs because they deprive them of equal protection under the law, in violation of Amendment XIV, Section 1 of the United States Constitution;

(3)   The Offset Provisions, set forth in Sections 766.207(7)(a), (c) and 766.209(4)(b), (c), Florida Statutes, are unconstitutional as applied to Plaintiffs because they deprive them of due process of law, in violation of Amendment XIV, Section 1 of the United States Constitution;

(4)   The Offset Provisions, set forth in Sections 766.207(7)(a), (c) and 766.209(4)(b)(c), Florida Statutes, are unconstitutional as applied to Plaintiffs because they deprive them of equal protection under the law, in violation of Article I, Section 2 of the Florida Constitution;

(5)   The Offset Provisions, set forth in Sections 766.207(7)(a), (c) and 766.209(4)(b), (c), Florida Statutes, are unconstitutional as applied to Plaintiffs because they deprive them of due process of law, in violation of Article I, Section 9 of the United States Constitution; and

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

(6)   The Offset Provisions, set forth in Sections 766.207(7)(a), (c) and 766.209(4)(b), (c), Florida Statutes, are unconstitutional as applied to Plaintiffs because they unreasonably restrict and burden their right of access to the courts, in violation of Article I, Section 21 of the Florida Constitution.

GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, Florida  33134
Telephone:     305-442-8666
Facsimile:      305-285-1668


By:    /s/ Rachel W. Furst
NEAL A. ROTH
Fla. Bar No. 220876
nar@grossmanroth.com
ANDREW B. YAFFA
Fla. Bar No.  897310
aby@grossmanroth.com
RACHEL WAGNER FURST
Fla. Bar. No. 45155
rwf@grossmanroth.com

*Attorneys for Plaintiffs*

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, the foregoing was filed electronically

via CM/ECF and service will be attempted to Defendant via a Process Server.

/s/ Rachel W. Furst_____
Rachel W. Furst
Fla. Bar. No. 45155

Grossman Roth Yaffa Cohen, 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL